# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| MARY A. MCELMURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-3220-CV-S-DW-SSA |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff Mary A. McElmurry seeks judicial review on a final decision of the Commissioner of Social Security Administration denying her application for benefits under Title XVI of the Social Security Act. On June 24, 2004, the administrative law judge[1] ("ALJ") found Plaintiff was not under a disability as defined by the Act and therefore was not entitled to benefits. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate. See 42 U.S.C. §§ 405(g), 1383(c)(3). After carefully examining the entire record, the Court affirms the ALJ's decision for the reasons set forth below.

I.  Standard of Review

The Court's review is limited to determining whether the ALJ's "determination is supported by substantial evidence on the record as a whole." Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the ALJ's determination." Id. The reviewing court must consider the whole record, including evidence that supports the decision as well as evidence that detracts from

---

[1] The Honorable Linda D. Carter

it. Pelkey v. Barnhart, 433 F.3d 575, 578 (8th Cir. 2006). Existence of substantial evidence supporting a contrary outcome does not require reversal by the reviewing court. Goff v. Barnhart, 421 F.3d 785, 789 (8th Cir. 2005). So long as the decision is supported by substantial evidence on the record, the reviewing court must affirm. Raney v. Barnhart, 396 F.3d 1007, 1009 (8th Cir. 2005).

II.  Discussion

The complete facts and arguments are presented in the parties' briefs, and will be duplicated herein only to the extent necessary. Plaintiff asserts that the ALJ erred by: not affording substantial weight to the medical opinion of her treating physician Mark Ellis, M.D.; not citing to the medical evidence relied upon in determining Plaintiff's residual functional capacity ("RFC"); and not properly considering Plaintiff's subjective allegations. After careful review of the entire record and balancing the evidence supporting and contradicting the ALJ's determination, the Court is not persuaded that any reversible errors were made.

On the first point of error, the Court notes that it is the ALJ's function to evaluate the medical opinions contained within the record. Generally, the opinions of the claimant's treating physicians are entitled to substantial weight, but not in all cases. See Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004) (opinions must be supported by and not be inconsistent with the substantial medical evidence in the record); Estes v. Barnhart, 275 F.3d 722, 725 (8th Cir. 2002) (the ALJ resolves conflicts among conflicting or inconsistent medical opinions in the record); Bates v. Chater, 54 F.3d 529, 532 (8th Cir. 1995) (opinion of a treating physician must be supported by medical diagnoses based on objective evidence). Here, the ALJ found that Dr. Ellis' opinion was not fully supported by the objective evidence in the record. Although the record makes reference to the Plaintiff suffering from fibromyalgia, the ALJ properly noted that no medical testing or notes support this

diagnosis. In fact, evidence in the record describing physical examinations pertaining to fibromyalgia contradicts the diagnosis. (R.117, 191.) Further, the record indicates that Plaintiff's conditions responded positively to treatment when she used the prescribed medications and attended scheduled appointments with Dr. Ellis. On balance, the record supports the ALJ's rejection of Dr. Ellis' opinion regarding the limitations on Plaintiff's ability to work.

Plaintiff's second point of error also fails. In formulating Plaintiff's RFC, the ALJ specifically referred to Plaintiff's various limitations including, but not limited to, asthma, migraine headaches, and difficulty reading and writing. (R. 17.) While the ALJ's opinion may not have explicitly identified the evidentiary basis for each element of Plaintiff's RFC, the Court is able to identify the portions of the record the ALJ relied upon. Accordingly, the Court finds that the RFC determination is supported by substantial evidence in the record as a whole.

Finally, the Court finds no error in the ALJ's analysis of the credibility of Plaintiff's subjective allegations. The ALJ analyzed the relevant evidence in light of the proper legal standard—the Polaski factors. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984); see also Tucker v. Barnhart, 363 F.3d 781, 783 (8th Cir. 2004) (the ALJ need not discuss each Polaski factor methodically). Generally, courts defer to ALJ credibility determinations that are supported with good reasons and substantial evidence. Guilliams v. Barnhart, 393 F.3d at 801. The ALJ is permitted to discount subjective complaints, such as severity of impairments, if there are inconsistencies found in the evidence as a whole. Polaski v. Heckler, 739 F.2d at 1322. As noted above, Dr. Ellis noted that Plaintiff was not taking prescribed medications for her migraine headaches. See Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2004) (failure to follow prescribed medical treatment is also inconsistent with subjective complaints of a disabling condition). Plaintiff also missed scheduled

3

appointments. See Edwards v. Barnhart, 314 F.3d 964, 967 (8th Cir. 2003) (failure to seek regular medical treatment is inconsistent with subjective complaints of disabling pain). Although there is evidence that Plaintiff suffered from various conditions that, left untreated, negatively impacted her ability to work, there is substantial evidence in the record that medical treatment successful controlled her migraine headaches and blood pressure. See Stout v. Shalala, 988 F.2d 853, 855 (8th Cir. 1993) (impairments that can be controlled by treatment or medication are not considered disabling). The Court finds that the record as a whole supports the ALJ's determination that Plaintiff's subjective allegations were not fully credible.

III.  Conclusion

After a careful examination of the record, the Court finds that the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Plaintiff's disability benefits and supplemental security income (SSI) is AFFIRMED.

IT IS SO ORDERED.


Date:  July 18, 2006                                          /s/ DEAN WHIPPLE
                                                                               Dean Whipple
                                                                        United States District Court